Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Michael Johnson*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON<br><br>Plaintiff,<br><br>v.<br><br>ON-SITE MANAGER, INC.<br><br>Defendant. | CIVIL ACTION NO. 3:15-CV-4409<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq., as amended* and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Michael Johnson is an adult individual who resides in West Sacramento, California.

5. Defendant On-Site Manager, Inc., ("On-Site") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. On-Site regularly conducts business in the Northern District of California, and has a principal place of business at 307 Orchard City Drive, Suite 110, Campbell, CA 95008.

**FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's tenant and rental history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes a "civil action for possession" judgment and personal identifying information.

8. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as an individual with a civil action for possession judgment taken against him.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

10. Plaintiff has applied for and has been denied housing opportunities, including but not limited to, a housing opportunity with River Pointe in or around June 2015. Plaintiff has been informed that the basis for this denial was the

inaccurate information that appears on Plaintiff's On-Site consumer report and that the inaccurate information was a substantial factor for the denial.

11.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

12.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

13.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLAIMS

## COUNT ONE – VIOLATIONS OF THE FCRA

14.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

16.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17.     At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

18.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

19. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE CCRAA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant is a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

22. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

23. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

24. Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code §§ 1785.13(a)(6) 1785.14(b) and 1785.18(b).

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**TATAR LAW FIRM, APC**

BY: _____
Stephanie Tatar
Attorney for Plaintiff

DATE: September 23, 2015