**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Defendant ON-SITE MANAGER, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | Case No.: 5:15-CV-04409-NC |
| Plaintiff, | |
| vs. | **DEFENDANT ON-SITE MANAGER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO *FED. R. CIV. PROC.* 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** |
| ON-SITE MANAGER, INC., | |
| Defendant. | |

Complaint filed:   September 23, 2015
Trial Date:          None

Hearing Date:    February 10, 2016
Time:                 1:00 pm
Courtroom.:      7 – 4th Floor
Judge:               Hon. Nathaniel M. Cousins

## NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2016 or as soon as this matter may be heard in Courtroom 7 of the above-entitled court, Defendant ON-SITE

*JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP*
1800 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

MANAGER, INC. ("Defendant") will move the Court for an Order dismissing the two causes of action in Plaintiff MICHAEL JOHNSON's Complaint in this matter.

Specifically, Defendant will move this Court to dismiss the Complaint's two causes of action for alleged violations of the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act, for failure to state a claim upon which relief may be granted.

The motion will be made under *Fed. R. Civ. Proc.* 12(b)(6) and is based on the fact that Plaintiff MICHAEL JOHNSON ("Plaintiff") has failed to state a proper claim for relief on the aforementioned causes of action.

The motion will be based on the memorandum of points and authorities, the records on file in this action, those matters of which this Court may and must take judicial notice, and any further evidence and argument that may be presented at the hearing on this motion.

Dated: December 22, 2015

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**

_____/S/_____
Michael J. Saltz, Esq.
Attorneys for Defendant On-Site Manager, Inc.

1

## <u>MOTION TO DISMISS</u>

2

3

Defendant ON-SITE MANAGER, INC. ("Defendant") hereby does move the Court for an Order dismissing the two counts in the Complaint in this matter.

4

5

6

7

8

9

10

11

12

13

Defendant moves this Court to dismiss Plaintiff's first cause of action for an alleged violation of the Fair Credit Reporting Act for failure to state a claim upon which relief may be granted. As there is no allegation that Defendant has violated the 15 U.S.C. § 1681e(b) requirement that a Consumer Reporting Agency "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," Plaintiff fails to state a cause of action. Specifically, Plaintiff does not allege any failure by Defendant to either maintain, or follow, reasonable procedures when reporting information, and therefore Plaintiff fails to allege any cause of action under 15 U.S.C. § 1681e(b). Simply reporting inaccurate information is not a violation of the FCRA.

14

15

16

17

18

19

20

21

22

23

Defendant also moves this Court to dismiss Plaintiff's second cause of action for alleged violations of the Consumer Credit Reporting Agencies Act for failure to state a claim, as there has been no allegation of any violation of *Cal. Civ. Code* §§ 1785.13(a)(6) (reporting on criminal information antedating the report by seven years), 1785.14(b) (maintenance of reasonable reporting procedures) or 1785.18(b) (reporting for employment purposes). Plaintiff fails to state any cause of action as he neither complains of any criminal reporting, nor is there any allegation as to any failure to maintain reasonable procedures during the reporting process, and finally Plaintiff makes no allegation that the issued report deals with any application for employment.

24

25

26

This motion is made under *Fed. R. Civ. Proc.* 12(b)(6) and is based on the fact that Plaintiff MICHAEL JOHNSON ("Plaintiff") has failed to state a proper claim for relief on the aforementioned causes of action.

27

28

The motion will be based on the memorandum of points and authorities, the records on file in this action, those matters of which this Court may and must take

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

judicial notice, and any further evidence and argument that may be presented at the hearing on this motion.

Dated: December 22, 2015

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**

_____/S/_____
Michael J. Saltz, Esq.
Attorneys for Defendant On-Site Manager, Inc.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

Case No.:  5:15-cv-04409
File No.:  5.385.011                          iv
DEFENDANT'S MOTION TO DISMISS

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **1. INTRODUCTION**

This case involves allegations by Plaintiff MICHAEL JOHNSON ("Plaintiff") against Defendant ON-SITE MANAGER, INC. ("Defendant") arising out of a single tenant screening report issued by Defendant containing information about Plaintiff.

Defendant is a consumer reporting agency that "provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence." [*See* Complaint, Docket No. 1 ("DN") at ¶ 5].

Plaintiff alleges that Defendant "has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's tenant and rental history to third parties." [DN 1, ¶ 6]. Plaintiff further alleges that the "inaccurate information includes a 'civil action for possession' judgment…." [DN 1, ¶ 7]. Plaintiff likewise did not identify the information he alleges to be "inaccurate". Interestingly, these two statements concern the sum and substance of the "facts" alleged to be the basis for his causes of action under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

Plaintiff's "facts" as pled are insufficient to state any case of action against Defendant because they fail to state that any specific violations of FCRA or CCRAA occurred. Namely, the Complaint sues under statutory schemes that have no relation to the allegations in the Complaint, and furthermore Plaintiff fails to allege that the dissemination of alleged inaccurate information was due to Defendant's failure to follow reasonable procedures.

As such, for the reasons stated herein, Plaintiff's two causes of action for violations of the FCRA and CCRAA fail as a matter of law and must be dismissed by this Court.

///

///

## 2.  STANDARD OF REVIEW

Any defendant to a complaint, counterclaim, or crossclaim may move to dismiss under *Federal Rule of Civil Procedure* 12(b)(6) for "failure to state a claim upon which relief can be granted." [See *Fed. R. Civ. Proc.* 12(b)(6)]. A motion to dismiss under Rule 12(b)(6) must be granted when the facts as pleaded are not legally sufficient to set forth a claim for relief. [*See National Association for the Advancement of Psychoanalysis v. California Board of Psychology* (9th Cir. 2000) 228 F.3d 1043, 1049].

Dismissal under Rule 12(b)(6) is proper if the claim lacks a required element. The factual allegations do not need to be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." [*Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 555]. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678].

While a court must draw all reasonable inferences in the plaintiff's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." [*Warren v. Fox Family Worldwide, Inc.*, (9th Cir. 2003) 328 F.3d 1136, 1139]. In fact, no legal conclusions need to be accepted as true. [*Ashcroft*, 556 U.S. at 678]. A complaint doesn't suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" [*Id.*] That includes a mere formulaic recitation of the elements of a cause of action; this will not do either. [*Twombly*, 550 U.S. at 555].

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. [*Id.* at 548]. Allegations of material fact are accepted as true, but conclusory allegations of fact or law are not. [*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988].

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel: 310.446.9900 • Fax 310.446.9909

## 3. ARGUMENT

### A. THE FIRST CAUSE OF ACTION FOR VIOLATION OF THE FCRA FAILS TO STATE A CLAIM FOR RELIEF

#### 1) Plaintiff Must Allege A Failure To Maintain Or Follow Reasonable Procedures To State A Cause Of Action

In his Complaint, Plaintiff broadly alleges negligent and willful violations of 15 U.S.C. § 1681e(b), but Plaintiff fails to provide any facts to support such legal conclusions masked as allegations.

15 U.S.C. § 1681e(b) states in part that:

"…Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

[*Id*].

The required elements to state a claim for noncompliance with 15 U.S.C. § 1681e(b), are that: "(1) inaccurate information was included in a consumer's credit report; (2) **the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy**; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." [*Philbin v. Trans Union Corp.*, (1996) 101 F.3d 957, 963 (*emphasis added*)].

Thus, in order to state a claim for noncompliance with 15 U.S.C. § 1681e(b), Plaintiff must allege that the inaccuracy of the reported information was due to defendant's **failure to follow reasonable procedures to assure maximum possible accuracy**. [*Sarver v. Experian Info. Solutions* (2004) 390 F.3d 969 (Summary judgment in favor of credit reporting agency on borrower's claim that credit reporting agency violated 15 U.S.C. § 1681e(b) was appropriate since court found that there was nothing in record to show that credit reporting agency's procedures were unreasonable)]. **Even if the report is proved to contain inaccurate information, a**

**claim for violation of 15 U.S.C. § 1681e turns on reasonableness of agency procedures for assuring maximum accuracy of reports.** [*Stewart v. Credit Bureau, Inc.* (1984) 734 F2d 47, 51]. A Plaintiff cannot rest on a showing of mere inaccuracy alone. [*Id*.]

### 2) There Are No Allegations To Support Plaintiff's Claims That Defendant Has Failed To Comply With 15 U.S.C. § 1681e(b)

Plaintiff claims that Defendant violated 15 U.S.C. § 1681e(b) by "reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's tenant and rental history to third parties." [DN 1, ¶ 6]. However, the Complaint does not contain ANY allegation concerning Defendant's maintenance of any procedures, reasonable or not, "to assure maximum possible accuracy of the information concerning the individual about whom the report relates." [*See* 15 U.S.C. 1681e(b)].

While the Complaint alleges, though briefly, that there exists inaccurate information in Plaintiff's consumer credit report, it fails to allege that the perceived inaccuracy was due to Defendant's failure to follow reasonable procedures. As stated, Plaintiff must allege that the inaccuracy of the reported information was due to defendant's ***failure to follow reasonable procedures to assure maximum possible accuracy***. [*Sarver,* 390 F.3d 969]. The FCRA does not establish a strict liability standard for credit reporting agencies with respect to the accuracy requirement, but requires that the credit reporting agencies act reasonable. [15 U.S.C. § 1681e].

Therefore, even if the subject report is alleged to contain inaccurate information, a claim for violation of 15 U.S.C. § 1681e turns on ***reasonableness*** of agency procedures for assuring accuracy of reports, not on the existence of any perceived inaccuracy. [*Stewart*, 734 F2d at 51]. Plaintiff simply alleges that inaccurate facts were reported. [*See* DN 1, ¶¶ 6-10]. Plaintiff includes no facts alleging that Defendant failed to follow reasonable procedures to assure maximum accuracy of the information reported. In fact, there is no mention of Defendant's procedures, whether reasonable or

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

not. Plaintiff's failure to plead any allegation regarding the reasonableness of Defendant's procedures in issuing a credit report evidences that Plaintiff has failed to state a cause of action for violation of the FCRA and requires that this Court dismiss the cause of action.

## B. THE SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE CCRAA FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED

Plaintiff further claims that Defendant violated three state law requirements for a consumer reporting agency, namely *Cal. Civ. Code* §§ 1785.13(a)(6), 1785.18(b) and 1785.14(b). [DN 1, ¶ 24]. However, Plaintiff's allegations not only suffer from the same defect noted above regarding the FCRA claim, Plaintiff has mistakenly, or negligently, included statutory claims that bear no relation whatsoever to the alleged violations. For the reasons set forth below, Plaintiff has failed to state a cause of action for violations of the CCRAA and therefore the second cause of action must be dismissed.

### 1) There Are No Allegations to Support a Claim for Violation of *Cal. Civ. Code* § 1785.14(b)

Similar to Plaintiff's flawed FCRA claim, this Court should dismiss Plaintiff's claim that Defendant violated *Cal. Civ. Code* § 1785.14(b) as Plaintiff again neglects to allege any failure by Defendant to maintain or follow reasonable procedures when reporting consumer information.

*Cal. Civ. Code* § 1785.14(b) states that, "Whenever a consumer credit reporting agency prepares a consumer credit report, it shall follow ***reasonable procedures*** to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Thus, similar to 15 U.S.C. § 1681e(b), a claim for liability under and *Cal. Civ. Code* § 1785.14(b) is predicated upon the ***reasonableness of a credit reporting agency's procedures*** in reporting credit information. [*Grigoryan v. Experian Info. Solutions, Inc.*, (2014) 84 F.Supp.3d 1044, 1049, 2014]. The fact that

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1   the information may have been inaccurate does not demonstrate that a credit reporting

2   agency did not employ reasonable procedures to ensure the accuracy of the

3   information under *Cal. Civ. Code* § 1785.14(b). [*Id*.].

4       Analogous to the arguments above, with relation to the alleged violations of the

5   15 U.S.C. § 1681e(b), Plaintiff does not provide any facts or circumstances relating to

6   Defendant's procedures in assuring the accuracy of the information it reports. Nor does

7   Plaintiff sufficiently plead Defendant's failure to have reasonable procedures in place.

8   No mention of any procedures are discussed in the Complaint. Plaintiff's allegations

9   solely relate to the perceived "inaccuracy" of information, but do not touch upon the

10   reasonableness, or even existence, or any procedures maintained or followed by

11   Defendant in reporting such information.

12       As such, this Court must dismiss the second cause of action as Plaintiff has

13   failed to allege a critical element for violation of the CCRAA under Section

14   1785.14(b).

15       **2) There Are No Allegations to Support a Claim for Violation of *Cal.***

16       **    *Civ. Code* § 1785.13(a)(6)**

17       Regarding Plaintiff's allegation that Defendant has violated *Cal. Civ. Code* §

18   1785.13(a)(6), such claims fail on their face as Plaintiff has failed to plead any relevant

19   facts to support this claim.

20       Specifically, *Cal. Civ. Code* § 1785.13(a)(6) states:

21   "1785.13 (a) No consumer credit reporting agency shall make any consumer

22   credit report containing any of the following items of information

23   …

24   (6) Records of arrest, indictment, information, misdemeanor complaint, or

25   conviction of a crime that, from the date of disposition, release, or parole,

26   antedate the report by more than seven years. These items of information shall

27   no longer be reported if at any time it is learned that in the case of a conviction a

28   

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1   full pardon has been granted, or in the case of an arrest, indictment, information,
2   or misdemeanor complaint a conviction did not result."

3   [*Id.*]

4   While Plaintiff accuses Defendant of "willfully and negligently failing to
5   comply with … Cal. Civ. Code §1785.13(a)", Plaintiff does not plead one fact or
6   allegation that Defendant disseminated any information relating to Plaintiff's criminal
7   history. In fact, Plaintiff's only allegation in the complaint regarding the contents of
8   the unattached consumer report relates to a "'civil action for possession' judgment and
9   personal identifying information". [DN 1, ¶ 7]. There is no mention of, or even
10  reference to, the reporting of any criminal record, criminal history or records of arrest,
11  indictment, information, misdemeanor complaint or conviction of a crime, as
12  contemplated by *Cal. Civ. Code* § 1785.13(a)(6).

13  As there are no allegations or facts to support a claim for violation of *Cal. Civ.*
14  *Code* § 1785.13(a)(6), the cause of action under this theory must be dismissed.

15      **3)  There Are No Allegations to Support a Claim for Violation of *Cal.***
16          ***Civ. Code* § 1785.18(b)**

17  Finally, much like the claim regarding reporting of criminal information, the
18  Complaint contains no facts to support an allegation that Defendant has violated *Cal.*
19  *Civ. Code* § 1785.18(b) with regards to reporting for employment purposes.

20  *Cal. Civ. Code* § 1785.18(b) deals with a consumer credit reporting agency that
21  furnishes a consumer credit report for employment purposes and states:

22      "A consumer credit reporting agency which furnishes a consumer credit report
23      for employment purposes, and which for that purpose compiles and reports
24      items of information on consumers which are matters of public record and are
25      likely to have an adverse effect upon a consumer's ability to obtain employment
26      shall, in addition, maintain strict procedures designed to ensure that whenever
27      public record information which is likely to have an adverse effect on a
28      consumer's ability to obtain employment is reported it is complete and up to

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

1   date. For purposes of this paragraph, items of public record relating to arrests,

2   indictments, convictions, suits, tax liens, and outstanding judgments shall be

3   considered up to date if the current public record status of the item at the time of

4   the report is reported."

5   [*Cal. Civ. Code* § 1785.18(b)].

6       Here, as above, Plaintiff makes no mention whatsoever regarding the consumer

report having been generated for employment purposes. In fact, the Complaint states

that the consumer report was disseminated to prospective landlords and that, "Plaintiff

has applied for and has been denied housing opportunities" allegedly based on the

consumer report furnished by Defendant. [DN, ¶ 10]. The report, as alleged by Plaintiff

was, and is, intended for use in obtaining housing. There is no mention of employment.

        Therefore, and for the same reasons as discussed above, this claim fails as a

matter of law as the facts pled are not sufficient to support a claim for violation of *Cal.*

*Civ. Code* § 1785.18(b). This Court must therefore dismiss the claim.

## 4.  CONCLUSION

        As stated herein, the Complaint on its face fails to state a proper cause of action

under either the FCRA or the CCRAA. Plaintiff has completely failed to allege the

proper elements of each claim and therefore Defendant respectfully requests that this

Court grant this motion and dismiss the subject complaint in its entirety.


Dated: December 22, 2015


**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**


_____/S/_____

Michael J. Saltz, Esq.
Attorneys for Defendant On-Site Manager, Inc.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1800 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909