Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 W. Olive Avenue, Suite 300
Burbank, CA  91505
Telephone:   (323) 744-1146
Facsimile:    (888) 778-5695
Stephanie@TheTatarLawFirm.com

Erin A. Novak (admitted *pro hac vice*)
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
enovak@consumerlawfirm.com

Attorney for Plaintiff
MICHAEL JOHNSON

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>         Plaintiff,<br><br>    vs.<br><br>ON-SITE MANAGER, INC.<br><br>         Defendant. | Case No.: 5:15-cv-04409-BLF<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MICHAEL JOHNSON'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF REBECCA E. KUEHN**<br><br>**Noticed Hearing Date and Time: August 24, 2017 at 9:00 a.m.**<br><br>**The Hon. Beth Labson Freeman** |

## I. Preliminary Statement

Plaintiff Michael Johnson brings his claims against Defendant On-Site Manager Inc.'s ("On-Site") after Defendant sold inaccurate information about Plaintiff to a potential landlord, which resulted in Mr. Johnson's denial for the desired apartment. (Dk. No. 16 at ¶¶ 7 and 10). Plaintiff brings these claims under section 1681e(b) of the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x and the state analogue the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.*

Defendant's proposed expert testimony pertaining to the reasonableness of Defendant's procedures, is based upon information that was not provided during discovery, and offers opinions about the ultimate legal issue in this matter, namely whether Defendant violated Section 1681e(b) of the FCRA and the CCRAA analogue by failing to ensure the maximum possible accuracy of the consumer reports it produces about consumers. Accordingly, Defendant's expert proposes to offer unreliable testimony based on non-admissible documentation and information and will also usurp this Court's role in instructing the jury in the law, or alternatively, confuse the jury and be unhelpful by providing an opinion as to the ultimate legal issue in this matter. As such, based on Ninth Circuit law, such testimony should be excluded.

## II. Background

Plaintiff initiated his case on September 15, 2015 and filed an Amended Complaint on January 5, 2016. (Dk. No. 16). Defendant answered on January 19, 2016. (Dk. No. 17). This Court scheduled a Case Management Conference on February 18, 2016 at 1:30 pm. (Dk. No. 23). Plaintiff's was unable to gain Defendant's cooperation for the joint submission of this report. (Dks. No. 18 and

21). After the Case Management Conference was held by this Court, the parties were directed to "meet, confer and file a stipulated proposed schedule regarding dates and deadlines to trial." (Dk. No. 24). Despite Plaintiff's attempts to meet and confer with Defendant– Defendant never responded to Plaintiff's solicitations and Plaintiff's counsel filed his own stipulated proposed schedule as directed by the Court. (Dk. No. 26).

Defendant served its expert report of Rebecca E. Kuehn on May 22, 2017. (See Decl. Erin A. Novak, Exhibit A). Defendant's expert report purports to have relied upon the following documents:

1. Johnson v. On-Site Investigating & Resolving Disputes (5.12.15)
2. Johnson v. On-Site - Michael Johnson Case File 10UD10966
3. Johnson v. On-Site River Pointe Report
4. Johnson v. On-Site Johnson- Adverse Action
5. Johnson v. On-Site 5385-011 Ltr. re Michael Johnson and Inaccuracies on On-Site consumer report 6-19-15
6. Johnson v. On-Site 5385-011 Doc. 1 - Complaint 9-25-15
7. Johnson v. On-Site Plaintiff's Initial Disclosures - JOHNSON-1 through JOHNSON-19
8. Johnson v. On-Site 5385-011 Further Responses to Interrogatories to On-Site Manager Set One 4-21-17
9. Johnson v. On-Site Plaintiff's POS re Initial Disclosures (Johnson)
10. Johnson v. On-Site 5385-011 Doc. 16 - First Amended Complaint 1-5-16
11. Johnson v. On-Site Plaintiff's Initial Disclosures (Johnson) 2-17-2016

12. Johnson v. On-Site 5385-011 Doc. 17 - Def's Answer to First Amended Complaint 1-19-16
13. Johnson v. On-Site Data Suppression Algorithm
14. Johnson v. On-Site RenterRelations.com Request Report Page
15. Johnson v. On-Site River Pointe Leasing Summary
16. Johnson v. On-Site Internal Notes
17. Johnson v. On-Site River Pointe Application - Required Fields
18. Johnson v. On-Site Response 29
19. Johnson v. On-Site Rental Report for Michael Johnson (final) (noting rejection July 25, 2015)

(Exhibit A, at pg. 17 of 25).

However, Defendant only identified and produced the following documents in its Fed. R. Civ. P. 26(a) Disclosures:

(a) Tenant Screening Report on Michael Johnson Dated June 9, 2015;

(b) All Case Files in the case of *Lefever Mattson Inc. v. Breanno Phillips, et al.,* Sacramento County Superior Court, case No. 10UD10966;

(*See* Decl. Erin A. Novak, Exhibit B).  Further, Defendant produced no documents in connection with its responses to Plaintiff's Requests for the Production of Documents.  (*See* Decl. Erin A. Novak, Exhibit C).

Defendant **had not** produced the following documents as of April 21, 2017, the close of fact discovery in this matter:

1. Johnson v. On-Site Investigating & Resolving Disputes (5.12.15)
2. Johnson v. On-Site - Michael Johnson Case File 10UD10966
3. Johnson v. On-Site River Pointe Report
4. Johnson v. On-Site Johnson- Adverse Action

5. Johnson v. On-Site 5385-011 Ltr. re Michael Johnson and Inaccuracies on On-Site consumer report 6-19-15

. . .

13. Johnson v. On-Site Data Suppression Algorithm
14. Johnson v. On-Site RenterRelations.com Request Report Page
15. Johnson v. On-Site River Pointe Leasing Summary
16. Johnson v. On-Site Internal Notes
17. Johnson v. On-Site River Pointe Application - Required Fields
18. Johnson v. On-Site Response 29
19. Johnson v. On-Site Rental Report for Michael Johnson (final) (noting rejection July 25, 2015).

Defendant filed a motion for protective order on June 13, 2017, nearly two months after discovery closed. (Dk. No. 30). Defendant sought to "provide a full and complete production of documents, description of information, and enable unencumbered expert witness discovery," more than a month after its expert has allegedly relied upon such information to render her opinions. (Dk. No. 30 at pg. 4 of 5 and Decl. Erin A. Novak, Exhibit A). Plaintiff opposed, and the Court granted the Defendant's motion for protective order on July 6, 2017, with the caveat that "[t]his order does not change any discovery deadlines in the case." What Defendant seeks is impermissible and untimely.

Defendant produced, for the first time, the documents referenced by its expert as 1-5 and 13-19 on July 18, 2017. (See Decl. Erin A. Novak, Exhibit D).

### III.   Argument

As a general rule, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided

by the trier of fact." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citing Fed. R. Evid. 704(a)). However, "an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.* (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.2004)). Expert opinion evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir.1993). Ultimate jury questions are not properly the subject of expert opinions. *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004).

Courts frequently exclude expert testimony that mirrors legal argument. *See, e.g.*, *In re Air Crash at New Orleans,* 795 F.2d 1230, 1233 (5th Cir.1986) ("[T]he trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument."); *In re Baycol Products Litig.*, 532 F. Supp. 2d 1029, 1067 (D. Minn. 2007); *Fisher v. Halliburton*, 2009 WL 5216949, at *5 (S.D. Tex. Dec. 21, 2009).

Defendant's expert renders a number of opinions regarding Defendant's reasonableness, including that "On-site's procedure to provide preliminary reports for the consumer's to review . . . ensures that public records that do not relate to a consumer do not negatively impact that consumer." (See Decl. Erin A. Novak, Exhibit A). However, whether On-Site's procedures ensured that negative public records did not impact Mr. Johnson's ability to rent an apartment goes to the heart of Plaintiff's section 1681e(b) claim, and is up to the jury to decide. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (identifying as an

element of a claim under 15 U.S.C. § 1681e(b) whether CRA "follow[ed] reasonable procedures to assure maximum possible accuracy…"). Thus, any testimony, documents or arguments from Rebecca E. Kuehn regarding the reasonableness of Defendant's procedures would improperly embrace the ultimate issue in this matter and usurp the role of the Court in instructing the jury. *See Nationwide Transp. Fin.*, 523 F.3d at 1059.

In addition, any testimony from Kuehn regarding the reasonableness of On-Site's procedures should be precluded as improper expert testimony on the basis that the information upon which she relied will not be admissible at trial. As stated above, the policies and procedures of On-Site which Kuehn opines are reasonable, were not produced in discovery, and not provided to Plaintiff or his counsel until July 18, 2017, three months after the close of discovery.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude the expert testimony of Rebecca E. Kuehn.

Dated: July 20, 2017

*s/ Erin A. Novak*
ERIN A. NOVAK
(*pro hac vice*)
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, Ste. 1902
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
enovak@consumerlawfirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27