**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 446-9900
Facsimile:   (310) 446-9909

Attorneys for Defendant ON-SITE MANAGER, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>ON-SITE MANAGER, INC.,<br><br>Defendant. | Case No.: 5:15-CV-04409-BLF<br><br>**DEFENDANT ON-SITE MANAGER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF REBECCA E. KUEHN**<br><br>**Complaint filed:  September 23, 2015**<br>**First Amended**<br>**Complaint filed:  January 5, 2016**<br>**Trial Date:           January 8, 2018**<br><br>**Hearing Date:  August 17, 2017**<br>**Time:                 9:00 a.m.**<br>**Courtroom.:      3**<br>**Judge:              Hon. Beth Labson Freeman** |

File No.:  5.385.011
Case No. Case No.: 5:15-CV-04409                    1
DEFENDANT ON-SITE'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff's Motion to Exclude Testimony consists of two ill-conceived motions in one. It is both a brief motion *in limine* seeking to exclude evidence based solely on Plaintiff's own failure to seek discovery in a timely manner, and a thinly veiled *Daubert* motion that fails to analyze those very standards in order to exclude an expert. For the reasons set forth below, both misguided requests for relief are easily refutable and this Court should deny the Motion in its entirety.

## 2. ARGUMENT

### A. Plaintiff Failed to Follow FRCP Procedures to Obtain the Information They Now Complain About Receiving

First, Plaintiff attempts to exclude Defendant On-Site Manager, Inc's Expert Witness Report ("Report") based on the erroneous conclusion that the documents relied upon by the expert were not produced with the report, but instead were produced only after this Court issued a protective order in this case, one in which Plaintiff expressly opposed. Plaintiff's argument that it was not provided documents in a timely manner mischaracterizes Plaintiff's burden under the circumstances. The documents were timely disclosed, as required, and it is in fact Plaintiff's failure to follow FRCP procedures that led to Plaintiff's complaint about not actually receiving any documents.

Specifically, Defendant both designated its expert and produced the subject report as required under this Court's schedule of deadlines. [*See* Docket No. ("DN") 27]. In that report, designated expert witness Rebecca E. Kuehn disclosed all documents that she relied upon in drafting her report. As of May 21, 2017, Plaintiff was served with Mrs. Kuehn's report, as well as a disclosure of the documents relied upon. Expert discovery in this case did not conclude until June 5, 2017.

Following 1993 amendments to Rule 26, full ***disclosure*** of all material and information was required, whether privileged or not, as long as material and

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

information was considered by the expert and it pertained to topics and/or issues that the expert was retained to testify about. [*Fed. R. Civ. Proc.*, Rule 26(a)(2)(B); *Synthes Spine Co., L.P. v. Walden* (E.D. Pa. Dec. 21, 2005), 232 FRD 460, superseded by statute as stated in, *Carroll Co. v. Sherwin-Williams Co.* (D. Md. Oct. 10, 2012), 2012 US Dist. LEXIS 145871].

Additionally, Rule 34(c) provides that a "person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." When Rule 34(c) is read with Rule 26(a)(2), it is clear that all documents provided to a party's expert witness must be produced ***on request***. [*Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61, 62 (D.N.M. 1996) (citing *Corrigan v. Methodist Hospital*, 158 F.R.D. 54 (E.D.Pa. 1994). *See also Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384 (N.D.Cal. 1991)].

In this case, Mrs. Kuehn fully disclosed every single document that she relied upon when drafting the Report. This disclosure was timely under this Court's ordered case management deadlines. [See DN 27]. As there is no requirement that the expert "**produce**" those documents with the report, only to **"disclose,"** it was incumbent upon Plaintiff to request those documents, either through a subpoena to the expert under FRCP Rule 45 or by way of a production request to Defendant under FRCP Rule 34(c). Plaintiff did neither, and did not even make an informal request of Defendant's counsel to produce those documents.

Instead, despite having notice of those documents, and time within which to request them, Plaintiff neither designated his own expert to rebut Defendant's expert, did not seek to depose Defendant's expert, and never even requested the documents relied upon by Defendant's expert. Plaintiff simply refused to do any further work on this case within the discovery timeframe.

Plaintiff now falsely attributes their failure to properly request documents to Defendant's actions, and attempts to use Plaintiff's lack of due diligence as a reason to

1 exclude Defendant's expert. This tactic is disingenuous and counter to the spirit of the
2 rules of procedure.

### B. Defendant's Expert Report Establishes That Defendant's Procedures Are Reasonable Within the Industry, Not as a Legal Conclusion

Secondly, as if anticipating that Plaintiff's argument regarding discovery deadlines will fail based on Plaintiff's own failure to act, Plaintiff next attempts to categorize the Report as testimony containing only conclusions of law that "go to the heart of Plaintiff's section 1681e(b) claim" [Motion, Docket No. ("DN") 37-1, pg. 6]. On this point Plaintiff either misunderstands Mrs. Kuehn's testimony (which they had an opportunity to depose her about but refused to do so), or Plaintiff is intentionally mischaracterizing the testimony as there are no legal conclusions in any of Mrs. Kuehn's statements.

The Report details how On-Site's procedures include the additional task of issuing a preliminary report to the requesting agency in order to provide the consumer, upon which the report is based, an opportunity to review the information and dispute or request changes of any inaccurate information. If the consumer notifies the requesting agency of any inaccuracies in the reported information, and that information is then passed on to On-Site, On-Site will review the request and issue a Final Report that reflects any changes as determined by the consumer's notice.

The above procedure was designed to avoid any damage to a consumer who might otherwise have inaccurate or incomplete information tied to their report by a third party. In her Report, Mrs. Kuehn refers to this procedure, but does not opine on whether the procedure is reasonable in order to "assure maximum possible accuracy". Mrs. Kuehn also does not make the ultimate conclusion about whether On-Site's procedure meets the legal definition of "reasonable". The ultimate question in this case is whether On-Site maintains, and follows, reasonable procedures to assure "maximum possible accuracy." That is therefore the question for the jury, and it is Mrs. Kuehn's testimony that will help guide the trier of fact's determination on whether the

procedure are reasonable (i.e. viable in all respects under the circumstances that otherwise effect the entire industry).

The Report relies on Mrs. Kuehn's own experience and history within the credit reporting industry to testify that, based on her expert knowledge of industry practices, On-Site's procedures as noted above are reasonable within the credit reporting industry. At no point does the Report state any conclusion as a matter of law, or find that, pursuant to 15 USC 1681e(b) that On-Site's procedures meet the legal definition of "reasonable".

Specifically, Mrs. Kuehn's expert opinion on the matter is as follows:

***The procedures used by On-Site and its third party vendors to identify consumers with public records to ensure maximum possible accuracy in the reporting of public records are (1) consistent with industry standards and practice, (2) consistent with the experience and understanding I obtained during my tenure at the FTC, and (3) otherwise reasonable based on my knowledge of the industry***.

As such, Mrs. Kuehn is not saying that it is a legal conclusion that On-Site's procedures are reasonable as a matter of law, rather she explicitly notes that the procedures are "reasonable" based on her knowledge of the industry.

Mrs. Kuehn therefore utilized her expert knowledge within the industry, both from a private practice standpoint and from her time at the Federal Trade Commission, the agency designated to regulate such procedures, and made a determination that the procedures are reasonable within the industry. This is opinion testimony that is helpful to the jury.

As noted above, Plaintiff had the opportunity to put forward an expert to determine whether the procedures are reasonable. However, Plaintiff has neither designated an expert, nor requested to depose Defendant's expert to test her conclusions.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

Plaintiff instead has opted to file this veiled Daubert motion to challenge the expert testimony of Mrs. Kuehn, but Plaintiff has failed to implement any analysis of the *Daubert* factors to determine whether Mrs. Kuehn's testimony fits the expert witness requirements.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993), the Supreme Court analyzed Federal Rule of Evidence ("FRE") 702, and instructed that a two-step analysis is to be used to assess the admissibility of the proffered expert testimony on scientific issues under Rule 702. The expert testimony must be reliable, so that it must be "scientific," meaning grounded in the methods and procedures of science, and it must constitute "knowledge," meaning something more than subjective belief or unsupported speculation. [*Daubert*, 509 U.S. at 590]. Guideposts that the court may consider in assessing the reliability of the proffered expert testimony include, but are not limited to: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community. [*Id.* at 593-94; see also *In re TMI Litig.*, 193 F.3d 613, 663-64 (3d Cir. 1999)]. Ultimately, a court is required to act as a gatekeeper "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the practice of an expert in the relevant field." [*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)].

Additionally, although Plaintiff argues that the Report goes "to the heart of Plaintiff's section 1681e(b)" claims, Plaintiff does not specifically address how the expert opinion is in violation of FRE 704 which provides that "an opinion is not objectionable just because it embraces an ultimate issue." [FRE 704].

What Plaintiff fails to note is that although expert testimony is not required in every case, it is "sometimes . . . necessary" to satisfy the plaintiff's burden on the reasonableness prong. [*Wilson v. Prudential Fin.*, 603 F. Supp. 2d 163, 167-68 (D.D.C.

2009)]. The plaintiff "cannot rest on a showing of mere inaccuracy" and must "minimally present some evidence from which a trier of fact can infer that the consumer reporting agency failed to follow reasonable procedures." [*Id*]. The reasonableness standard is what would a "prudent consumer reporting agency do".

Mrs. Kuehn's report helps to provide specific testimony to help the trier of fact answer this question by describing, in her opinion, what is reasonable within the industry when compared to On-Site's procedures.

The statutory command is clear: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." [*Andrews v. TRW Inc.*, 225 F.3d 1063, 1068 (9th Cir. 2000); 15 U.S.C § 1681e(b)]. It would normally not be easy for a court as a matter of law to determine whether a given procedure was reasonable in reaching the very high standard set by the statute as to each individual reported upon. [*Id*]. Thus, there are facts upon which Mrs. Kuehn based her expert opinion that On-Site's procedures are reasonable amongst the industry that would help a trier of fact reach the conclusion regarding reasonable procedures.

As such, the Report should be admissible as it does not contain legal conclusions, nor does it apply any facts to law, and therefore is only helpful in allowing the ultimate trier of fact to apply these conclusions to the issues in this case.

### 3. CONCLUSION

For the reasons stated herein, this Court should deny Plaintiff's Motion to Exclude Expert Testimony.

Dated: August 1, 2017      **JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**

By: /s/ Michael J. Saltz
Michael J. Saltz, Esq.
Attorneys for Defendant ON-SITE MANAGER, INC.