**nnJACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Defendant ON-SITE MANAGER, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>ON-SITE MANAGER, INC.,<br><br>Defendant. | Case No.: 5:15-CV-04409-BLF<br><br>**DECLARATION OF MICHAEL J. SALTZ, ESQ. IN SUPPORT OF DEFENDANT ON-SITE MANAGER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF REBECCA E. KUEHN**<br><br>Complaint filed:   September 23, 2015<br>Trial Date:            January 8, 2018 |

### DECLARATION OF MICHAEL J. SALTZ

I, Michael J. Saltz, do declare:

1. I am over the age of eighteen, a partner with Jacobson, Russell, Saltz, Nassim & de la Torre, LLP and counsel of record for On-Site Manager, Inc. ("On-Site"), a Defendant in the above-captioned matter. If called upon to do so, I could and would competently testify as to the contents of this declaration based upon my personal, first-hand knowledge.

2. Defendant both designated its expert and produced the subject report as required under this Court's schedule of deadlines. [*See* Docket No. ("DN") 27]. In that

report, designated expert witness Rebecca E. Kuehn disclosed all documents that she relied upon in drafting her report.

3. As of May 21, 2017, Plaintiff was served with Mrs. Kuehn's report, as well as a disclosure of the documents relied upon.

4. Expert discovery in this case did not conclude until June 5, 2017.

5. In this case, Mrs. Kuehn fully disclosed every single document that she relied upon when drafting the Report. This disclosure was timely under this Court's ordered case management deadlines. [See DN 27]. As there is no requirement that the expert "**produce**" those documents with the report, only to **"disclose,"** it was incumbent upon Plaintiff to request those documents, either through a subpoena to the expert under FRCP Rule 45 or by way of a production request to Defendant under FRCP Rule 34(c). Plaintiff did neither, and did not even make an informal request of Defendant's counsel to produce those documents.

6. Instead, despite having notice of those documents, and time within which to request them, Plaintiff neither designated his own expert to rebut Defendant's expert, did not seek to depose Defendant's expert, and never even requested the documents relied upon by Defendant's expert. Plaintiff simply refused to do any further work on this case within the discovery timeframe.

I declare under the penalty of perjury of the United States of America that the foregoing information is true and correct.

Dated: August 3, 2017

/s/ Michael J. Saltz
Michael J. Saltz

Case No.: 5:15-cv-04409
File No.: 5.385.011

2

SALTZ DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY